UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD METCALFE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3515 |
| | § | |
| REVENTION, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Before the Court is Plaintiff Chad Metcalfe's ("Metcalfe") Motion for Conditional Certification and Notice to Issue to Potential Class Members (Doc. 13), as well as Defendants Revention, Inc. ("Revention") and Jeff Doyle's ("Doyle") Response (Doc. 14) and Plaintiffs' Reply (Doc. 20). Upon careful consideration of the motion, the response thereto, the applicable law, and for the reasons explained below, the Court finds that Plaintiff's motion should be granted.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff Metcalfe seeks an order conditionally certifying a class under the FLSA and providing notice to members of the class of the existence of this suit and their right to opt-in. (Pl.'s Mot. for Condition Certification.) Metcalfe alleges that during the period of his employment as an installation engineer and a technical support engineer at Revention, he "routinely worked more than forty (40) hours in a workweek," but was paid the same salary "regardless of the number of hours." (Pl's Original Collective Action Compl. ¶¶ 10–13.) Metcalfe further alleges that, "despite its obligations under the FLSA, Revention did not pay [him] any overtime premium whatsoever." (*Id.* ¶ 14.) Metcalfe claims Defendants failed to follow Revention's overtime policy for installers and technical support employees. (Doc. 13-7.)

By his Motion for Conditional Certification, Metcalfe seeks conditional certification of a class of "all individuals who were (a) employed by Revention as technical support staff and/or installers at any time within the past three years, (b) paid a 'salary' with no overtime compensation, and (c) classified as exempt." (Doc. 13 at 11.) In support of his motion, Metcalfe submitted his own affidavit and the affidavits of opt-in Plaintiffs Jyson Jon Rush ("Rush"), Thomas Alexander Briers ("Briers"), Jason Matthew Koenst ("Koenst"), Alexander Okros III ("Okros"), and Christopher Walker ("Walker"). (Docs. 13-1 to 13-6.) Rush alleges as follows:

> 2. I worked for Revention from July 16, 2007 until Revention terminated my employment on November 9, 2010. During this time period, I worked as a Technical Support Engineer.
>
> 3. My job as Technical Support Engineer required that I regularly work over 40 hours per week as well as on-call periods. I was required to be on call for various time periods throughout my employment. Early in my time at Revention, on call hours ranged from 13 to 24 hours per day. Later the on call hours ranged from 9 to 13 hours per day. Finally, before my employment ended, on call hours were 6 hours per day. During this time, I was required to work on-call shifts once every two to five weeks (for an entire week at a time, i.e., for seven consecutive days). During my entire employment with Revention I was classified as an exempt employee and never paid overtime.
>
> . . . .
>
> 14. On November 9, 2010, Revention fired me.

(Doc. 13-2 at 2–3.) Similarly, in his affidavit, Briers states:

> 2. I worked for Revention from approximately September 24, 2007 until approximately October 13, 2008. During this time period, I worked as a Technical Support Engineer.
>
> 3. My job as Technical Support Engineer required that I regularly work over 40 hours per week as well as on-call periods that would range between 9 and 13 hours per day (in addition to regular daily work hours). I was required to work on-call shifts once every four to six weeks (for an entire week at a time, i.e., for seven consecutive days). During my entire employment with Revention I was classified as an exempt employee and never paid overtime.

> . . . .
>
> 6.      . . . . As a Technical Support Engineer for Revention, I know that other similarly situated individuals were subjected to the same practice of being misclassified and were not paid their overtime compensation. I believe there are many current and former employees of Revention who may be interested in joining a collective action to recover for unpaid overtime and wages.

(Doc. 13-3 at 2.) Koenst, Okros, and Walker make similar allegations. (Docs. 13-4, 13-5, and 13-6, respectively.)

Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id*. Thus, unlike a Fed. R. Civ. P. Rule 23 class action, a representative action under § 216(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995); *see also LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286 (5th Cir. 1975). However, in *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169 (1989).

Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve the issue. The first approach, the *Shushan* method, treats the "similarly situated" inquiry as coextensive with Rule 23 class certification, and therefore, courts should consider numerosity, commonality, typicality and adequacy of representation to determine whether to certify a class. *Mooney*, 54 F.3d at 1214 (citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990)).

The second method is the two-stage class certification process set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed by a "decertification" stage. *Id.* at 1213–14. During the notice stage, the Court determines whether notice of the action should be given to potential class members. *Id*. Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to opt-in. *Id*. at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for decertification. *Id*. At this stage, the Court makes a factual determination from discovery evidence of whether the plaintiffs are "similarly situated." *Id*. If the Court finds that the plaintiffs are similarly situated, then the case proceeds as a representative action. *Id*. If the Court finds that the plaintiffs are not similarly situated, then the class is decertified, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id*.

Under *Lusardi*, it is not enough for Plaintiffs to show that some members of the proposed class may be similarly situated to them. Rather, Plaintiffs must offer some evidence that the proposed class, as a whole, is made up of individuals that are similarly situated to them. *See McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010) ("[A] plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.").

Applying this two-stage process, Plaintiff has sufficiently alleged and provided evidence and affidavits of similarly situated employees who were not paid overtime wages as required

under the FLSA overtime requirements.  Conditional class certification is warranted in this case for current and former nonexempt employees of Defendants who held positions as technical support staff and/or installers at any time within the past three years.  Plaintiff is entitled to discover the identities and identifying information for members of this conditional class.

Accordingly, the Court hereby **ORDERS** that Plaintiff Chad Metcalfe's Motion for Conditional Certification and Notice to Issue to Potential Class Members (Doc. 13) is **GRANTED.**  The Court conditionally certifies a class composed of all employees with positions as installers or technical support personnel employed by Defendants at any time within the past three years.

The Court further **ORDERS** that Defendants shall, within fourteen (14) days after the entry of this Order, provide Plaintiff with the full names, last known addresses, telephone numbers, and locations and dates of employment for all persons employed by Defendants as case manager and/or executive assistant at any time from December 15, 2006 to the present.  In the event certain addresses and/or telephone numbers are no longer valid, Plaintiff may request, and Defendants shall reasonably provide to Plaintiff's counsel for the sole purpose of "skip tracing for a current address," social security numbers of individual class members.  Plaintiff may then mail, at Plaintiff's attorneys' cost, the Notice attached as Exhibit 8 to Document No. 13 to all persons identified by Defendants as potential class members.  (Doc. 13-8.)  Potential class members will be permitted to file their consents to this action up to forty-five (45) days after the Notice is mailed.

SIGNED at Houston, Texas, this 1st day of August, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE