UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD METCALFE, Individually and on the behalf of all others similarly situated | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-3515 |
| | § | |
| REVENTION, INC. and JEFF DOYLE | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Three motions are pending before the Court in this Fair Labor Standards Act ("FLSA") case brought by current and former employees of Revention, Inc. against Defendants Revention and its CEO and President, Jeff Doyle. Doyle has filed a motion to dismiss Plaintiffs' claims against him on the grounds that Plaintiffs have failed to plead facts showing that he is an "employer" under the FLSA and therefore have failed to state a claim against him. Doc. 24. Doyle and Revention have filed a motion to decertify the class. Doc. 26. And the named and opt-in Plaintiffs have filed a motion for partial summary judgment on the issue of Defendants' liability and lack of good faith and request that this collective action proceed to a trial on damages. Doc. 31.

After considering the motions, the facts of this case, and the applicable law, the Court finds that Doyle's motion to dismiss and the Defendants motion to decertify the class should be denied and that Plaintiffs' motion for partial summary judgment should be granted in part and denied in part.

I. Background

This case arises out of Defendants' alleged failure to pay overtime wages to its

employees. Revention is a "point of sale system and software business with one office located in Houston." Doc. 26 at 8. Defendant Doyle is the President and CEO of Revention. Doc. 31-1 at 6.

Revention employed named Plaintiff Chad Metcalfe "as an Installation Engineer [of its point of sale systems] . . . from June 2009 until September 14, 2009 . . . and . . . as a Technical Support Engineer . . . from approximately September 21, 2009 until May 14, 2010 . . . and Technical Support Supervisor . . . from approximately May 14, 2010 until July 16, 2010." Doc. 31-3 at 3. Ten other opt-in Plaintiffs are or were customer support or installation support employees at Revention. *See* Doc. 26 at 8, Doc. 31 at 6. The parties agree that these employees were not exempt from the overtime requirements of FLSA. *See* Doc. 26 at 8. Likewise, the parties agree that Revention paid these employees a "salary scaled pay based on a forty . . . hour work-week" and that they were, as non exempt employees, "entitled to overtime compensation if they worked more than forty . . . hours in any work-week." *Id. See also* Doc. 31-1 at 12-13.

Revention contends that "[c]ustomer support employees were required to record their work time by logging into Revention's monitored telephone time-keeping system." Doc. 26 at 9 (citing Doc. 29 at 34). Defendants have alleged that the system classified employees' logged time as "logged in time," "available time," "not ready time," and "break time." *Id.*

Plaintiffs have introduced numerous affidavits alleging that they routinely worked more than forty hours in a single week, including regularly working "on-call" shifts ranging from thirteen to twenty four hours in a single day. Doc. 31-3. Plaintiffs' affidavit testimony indicates that Revention classified these employees as "exempt" and failed to pay them overtime for all hours worked in excess of forty in a given week. *Id.* Defendants disagree that they ever classified these employees as "exempt." Doc. 26 at 9. Defendants nonetheless agree that they never paid these non-exempt employees overtime wages, but contend that was due to the fact that no

employee ever worked in excess of forty hours. *Id.* Defendants also contend that Plaintiff Metcalfe "never even worked a single eight . . . hour day in the month of January 2010." *Id.* Defendants cite to "Exhibit B" In support of this claim. No such exhibit was attached to Defendants Motion for Decertification in which they make this claim. Defendants subsequently submitted declarations of Mohamed Awad and Charles Gaudin, supervisors at Revention, as "Exhibit B" to their motion for summary judgment. Doc. 53-2. Magistrate Judge Stacy later struck both declarations for failure to comply with 28 U.S.C. § 1746.

Plaintiffs allege that Defendants failed adequately to record the actual hours Plaintiffs worked and have failed entirely to provide any time-keeping records in response to Plaintiffs' discovery requests. Doc. 31 at 8.

On September 28, 2010, Plaintiff Metcalfe filed this suit under FLSA alleging that Defendants had unlawfully misclassified him and similarly situated employees as exempt and failed to pay them overtime wages. Doc. 1. On August 1, 2011, this Court conditionally certified "a class composed of all employees with positions as installers or technical support personnel employed by Defendants at any time within the past three years." Doc. 20 at 5. Prior to the certification, seven plaintiffs had opted in to the collective action. Doc. 31 at 6. Three more opted in after the class was conditionally certified. *Id.*

On February 13, 2012, one and a half years after this case was filed and fifteen months after he filed an answer to the complaint, Defendant Jeff Doyle filed a motion to dismiss Plaintiffs' claims against him on the grounds that he is "an individual . . . not subject to liability under the FLSA as he does not meet the Act's definition of an employer." Doc. 24 at 1.

At the completion of discovery, Defendants moved to decertify the class on the grounds that "the evidence attached [to Defendants' motion to decertify] . . . demonstrates that no 'single

decision, policy, or plan' exists at Revention to require its installers or customer support representatives to work more than forty hours per week or to violate the FLSA" and that "Plaintiff rarely, if ever, even worked forty hours in a week at Revention." Doc. 26 at 5. Plaintiffs filed a motion for partial summary judgment on the issue of Defendants' liability on the grounds that "Defendants admit that they never paid any plaintiff overtime; . . . admit that plaintiffs should have been paid time-and-a-half as an overtime hourly rate . . . for any and all hours worked over 40 in any given week; . . . have failed to provide any evidence to support their singular factual claim in defense of this case, i.e. No [sic] plaintiff ever worked more than 40 hours in a week; . . . [and] Defendants no longer claim to have exercised good faith in their pay practice decision-making." Doc. 31 at 5. All three motions are ready for adjudication.

II. Legal Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Col. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for

summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the non-movant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006). To do so, the non-movant must "go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is genuine issue for trial." *Webb v. Cardiothracic Surgery Assoc. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).

Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech. Univ.*, 80

F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075.). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). There is a "genuine" issue of material fact if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III. Analysis

A. Jeff Doyle's Motion to Dismiss

On February 13, 2012, one and a half years after this case was filed and fifteen months after he filed an answer to the complaint, Defendant Jeff Doyle filed a motion to dismiss Plaintiffs' claims against him on the grounds that he is "an individual . . . not subject to liability under the FLSA as he does not meet the Act's definition of an employer." Doc. 24 at 1.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "A motion asserting [this] defense[,]" however, "must be made before pleading if a

responsive pleading is allowed." Here, Doyle filed his motion to dismiss more than a year after he filed a responsive pleading and his motion therefore is untimely. "[A] post-answer Rule 12(b)(6) motion is untimely and the cases indicate that some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the plaintiff's failure to state a claim for relief." 5B Miller & Kane, Federal Practice and Procedure § 1357 (3d ed. 2004).

In his motion, Doyle conclusorily asserts that "Plaintiffs have failed to plead any facts as to Doyle that qualify him as an employer for purposes of the FLSA." Doc. 24 at 2. To the contrary, although Plaintiffs' complaint addresses Revention and Doyle collectively, it sets forth the elements of a claim for unpaid overtime pursuant to the FLSA and pleads sufficient facts in support thereof. *See* Doc. 1 at 2-4. Subsequent discovery and pleadings have indicated that Doyle exercised substantial control over Revention and its employees, including by dictating the terms of employment for installation and support staff and in firing employees for participating in this collective action. *See* Doc. 31-1 at 13, 14, 42; Doc. 56-2 at 3. Doyle's motion is both untimely and fails to demonstrate that he is entitled to his requested relief. The motion therefore is denied.

### B. Motion to Decertify

On August 1, 2011, the Court conditionally certified "a class composed of all employees with positions as installers or technical support personnel employed by Defendants at any time within the past three years." Doc. 20 at 5. The Court followed the two-stage process set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987). During the notice stage, the Court determines whether notice of the action should be given to potential class members. *Id*. Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an

opportunity to opt-in. *Id*. at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for decertification. *Id*. At this stage, the Court makes a factual determination from discovery evidence of whether the plaintiffs are "similarly situated." *Id*. If the Court finds that the plaintiffs are similarly situated, then the case proceeds as a representative action. *Id*. If the Court finds that the plaintiffs are not similarly situated, then the class is decertified, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id*.

This action is now at the second stage and Defendants have moved to decertify the class on the grounds that "no 'single decision, policy, or plan' exists at Revention to require its installers or customer support representatives to work more than forty hours per week or to violate the FLSA." Doc. 26 at 5.

"The step two standard is less 'lenient' and at least one Circuit has concluded that the 'similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions.'" *Falcon v. Starbucks Corp.*, 580 F.Supp.2d 528, 534 (S.D.Tex. 2008) (quoting *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir.2007) (refusing to define "less lenient" and noting "the more material distinctions revealed by the evidence, the more likely the district court is to decertify the collective action") (citation omitted)). Nevertheless, "Courts have repeatedly stressed that Plaintiffs must only be similarly- not identically-situated to proceed collectively." *Id.*

At the second stage, courts "consider the following factors when determining whether a lawsuit should proceed collectively: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Id.* (citing *Mooney v.*

*Aramco Servs. Co.*, 54 F.3d 1207, 1213 n.7 (5th Cir.1995)).

    <u>i. Disparate Factual and Employment Setting of Plaintiffs</u>

    Defendants contend that discovery has failed to produce any "evidence of a universal policy or practice requiring opt-in plaintiffs to work off the clock." Doc. 26 at 13. Defendants cite the "meager opt-in rate" of the certified class as evidence of the absence of such a universal policy or practice. *Id.* In support of this argument, Defendants cite three FLSA class actions in which district courts in California, Ohio, and Minnesota found that response rates ranging from 1.17 to 2.5 per cent of a conditionally certified, nation-wide class "belie[d] the allegation that the wrongdoing complained of is the result of a policy or practice in effect nationwide." *Smith v. T-Mobile USA, Inc.*, No. 05-cv-5274, 2007 WL 2385131 (C.D.Cal. Aug 15, 2007). *See also O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-cv-00085, 2006 WL 3483956 (S.D.Ohio Nov. 30, 2006); *West v. Border Foods, Inc.*, No. 05-cv-2525, 2006 WL1892527 (D.Minn. July 10, 2006).

    Whether this metric has currency in the Fifth Circuit is relatively unimportant as the opt-in rate in *this* case is somewhere between 20 and 25 per cent.[1] Defendants have introduced no authority to support the position that an opt-in rate as high as 25% indicates the absence of a common policy or practice. Defendants nonetheless claim that "[t]he record shows that Revention had no policy requiring off the clock work." Doc. 26 at 13. Defendants do not indicate *where* the record indicates such a proposition, nor has the Court found any support for such a proposition in the summary judgment evidence before it. To the contrary, Plaintiffs have introduced numerous affidavits indicating that Revention employees frequently worked more than forty hours in a week. Doc. 31-3.

    Defendants also have conceded that they paid all employees a set salary based on a forty-

---

[1] The class consists of eleven current or former members of Revention's workforce which Doyle reports to be fifty employees. Doc. 56-1 at 8. Defendants contend that "[t]he opt-in plaintiff class consists of nine . . . customer support and installation employees of the 40 who were sent notice of this lawsuit." Doc. 26 at 9.

hour work week and that all employees were entitled to overtime in the event that they worked more than forty hours in a week. *See* Doc. 31-1 at 11-12. The record indicates that Plaintiffs were subject to a uniform policy or practice pursuant to which Defendants paid them for a forty-hour work week. Plaintiffs have introduced evidence indicating that their work schedules frequently required that they work more than forty hours in a week and that Defendants did not compensate them for such hours. The factual and employment settings of the Plaintiffs therefore indicate the existence of a common policy or plan by which Defendants denied Plaintiffs overtime compensation in violation of the FLSA.

### ii. Various Defenses Individual to Each Plaintiff

Defendants also contend that "individualized determinations are needed to resolve Revention's defenses as to the claims of individual [P]laintiffs." Doc. 26 at 13. Specifically, Defendants allege that "mini-trials will be necessary to evaluate whether [P]laintiffs' alleged off-the-clock activities are compensable work . . . [and] whether at least some of the unpaid off-the-clock work claimed by [P]laintiffs is *de minimis*." *Id.* Neither of these purported problems is a defense to liability. Whether individualized determinations are necessary to define the extent of Plaintiffs' damages, if any, does not weigh against efficiently establishing Defendants' class-wide liability. Defendants concede that Plaintiffs are not "exempt" under the FLSA and that Plaintiffs are entitled to overtime compensation in the event they worked more than forty hours per week. Their remaining "defense" is that no overtime work ever occurred. Contrary to Defendants' assertion that "plaintiff-by-plaintiff mini-trials [on the issue of damages] are inconsistent with collective treatment," a class-wide determination of liability followed by determination of individual damages is far more efficient than litigating each Plaintiff's case individually.

iii. Fairness and Procedural Considerations

For similar reasons, the Court finds that allowing this case to proceed as a collective action satisfies the requirements of fairness and comports with the purpose of the FLSA. *See* 29 U.S.C.A. § 216. Contrary to Defendants' assertions, which largely depend on disparaging the ability of a jury to distinguish between Plaintiffs' testimony on their individual damages, proceeding on a class-wide basis upholds FLSA's purpose of giving "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170, (1989). The Court has faith in the ability of a jury to make individualized damages findings. Because, as the Court shortly will discuss, the issues remaining for trial are solely those of the Plaintiffs' damages, proceeding on a class-wide basis obviates the need to hold eleven distinct trials on the issues of liability and damages and is in the best interests of judicial efficiency.

Because Plaintiffs adequately have demonstrated that they are similarly situated for the purposes of the FLSA, Defendants motion to decertify the class is denied.

C. Plaintiffs' Motion for Summary Judgment

Plaintiffs have moved for partial summary judgment on the issue of liability on the grounds that no genuine dispute of material fact exists as to Defendants' liability for the conduct alleged. Doc. 31. Plaintiffs additionally request summary judgment as to Defendants' absence of good faith with respect to their FLSA violations.

The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An employee alleging a violation of the overtime requirement bears the burden of proving the following prima facie case, by a preponderance of the evidence: (1) that there

exists an employer-employee relationship; (2) that there was engagement in activities within the coverage of the FLSA; (3) that the employee worked over forty hours within a workweek without overtime compensation; and (4) a definite amount of compensation is due." *Reyes v. Texas Ezpawn, L.P.*, No. 6:03-cv-128, 2007 WL 3143315, *1 (S.D.Tex. Oct. 24, 2007) (citing *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 892 (E.D.Tex. 1997)).

Plaintiffs have carried their burden of establishing the first two elements. To determine whether an individual or entity is an employer, the Court considers whether the alleged employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records." *William v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). Defendant Revention admits that it employed the Plaintiffs. *See, e.g.* Doc. 26. Although Defendant Doyle maintains that he was not an "employer" under the terms of the FLSA, Plaintiffs have introduced sufficient summary judgment evidence to indicate that Doyle exercised supervisory control over Plaintiffs' employment, set the terms of their compensation, and exercised firing control over his employees. *See* Doc. 31-1 at 13, 14, 42; Doc. 56-2 at 3.

Likewise, Defendants have stated that Plaintiffs were not exempt under the FLSA and were entitled to overtime compensation in the event they worked more than forty hours in a week. *See* Doc. 26 at 8; Doc. 31-1 at 12-13.

Defendants repeatedly cite to "Exhibit B" in support of their allegation that Revention's schedule and employment records indicate that no employee performed overtime work. As the Court previously discussed, "Exhibit B" contains two declarations of Revention supervisors, both of which Magistrate Judge Stacy struck for failure to comply with 28 U.S.C. § 1746. Nothing properly before the Court supports Defendants' claim. Defendants have introduced 50

undifferentiated pages of "telephone log time" which might indicate Metcalfe's hours but which do not clearly state as much on their face. Similarly, Defendants reference "work schedules, fingerprint data, computer log in records, a telephone log in time recording system, and televised monitors throughout the customer support department for supervisors to monitor and confirm the working hours of its employees" (Doc. 53 at 6), but have not introduced these records in support of their contention that Plaintiffs did not work more than forty hours in a week.

Defendants criticize Plaintiffs' "conclusory, self-serving, and unfounded declarations" relating to uncompensated overtime work, but their response is almost entirely devoid of supporting evidence. Defendants cite throughout their response to various declarations of current employees and supervisors. Magistrate Judge Stacy subsequently struck these declarations for failure to comport with the requirements of 28 U.S.C. § 1746, which requires that statements submitted as evidence be subscribed by the declarant as "true, under penalty of perjury."

In contrast, Plaintiffs have introduced affidavit testimony of six Plaintiffs indicating that Defendants' required them to perform overtime work and failed to compensate them therefore. *See* Doc. 31-1. "Where an employer has failed to maintain accurate payroll records, an employee carries his burden to establish a prima facie case under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Albanil v. Coast 2 Coast, Inc.*, 444 Fed.Appx. 788 (5th Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, (1946)). The Fifth Circuit has found "that the *Mt. Clemens Pottery* standard allows plaintiffs to establish a prima facie case for non-testifying employees based on the 'fairly representational' testimony of other employees." *Id.* (citing *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 829 (5th Cir. 1973) (holding that the plaintiffs established a prima facie case that all

plaintiffs worked unreported hours through representative testimony)). Here, the representative testimony of the six Plaintiffs indicates that the members of the class performed work for which they were improperly uncompensated. Defendants have failed to rebut that evidence. Although Plaintiffs have introduced sufficient evidence to create a genuine dispute of material fact as to whether they performed overtime hours, they have not adequately demonstrated the total number of overtime hours worked such that the Court can determine, at this stage, the amount of compensation due. Plaintiffs retain their burden of proving at trial that they worked over forty hours within a workweek in violation of the FLSA and are entitled to overtime compensation therefore.

Plaintiffs additionally seek summary judgment on Defendants' affirmative defense of good faith. Under the FLSA, "if the employer shows to the satisfaction of the court that the act or omission giving rise to [a violation] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. § 260.

"An employer found liable under section 206 or section 207 has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990) (citing *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986) ("[T]o be relieved of liability for liquidated damages, an employer must demonstrate both good faith and reasonable grounds for believing that it was not violating the Act."). Here, Defendants repeatedly have conceded that the Plaintiffs are non-exempt employees entitled to overtime compensation for any hours worked in excess of forty per week. Plaintiffs have introduced Defendant Doyle's deposition testimony in which he acknowledges that he was aware of the FLSA requirements to

pay overtime. Doc. 31-1 at 12. Defendants cannot, therefore, maintain that they were unaware of the FLSA overtime requirements or reasonably believed those requirements were inapplicable to Plaintiffs. Plaintiffs have introduced sufficient testimony to suggest that they did, in fact, perform overtime work. They have not, however, introduced evidence suggesting that Defendants either knew of their overtime hours and failed adequately to investigate overtime or failed to maintain employment records sufficient to document Plaintiffs' overtime. Plaintiffs therefore have failed to demonstrate the absence of a genuine dispute of material fact on Defendants' good faith defense and their motion for summary judgment on this ground is denied.

IV. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant Jeff Doyle's motion to dismiss (Doc. 24) is **DENIED**. The Court further

**ORDERS** that Defendants Jeff Doyle and Revention, Inc's motion to decertify the class (Doc. 25) is **DENIED**. Further, the Court

**ORDERS** that Plaintiffs' motion for summary judgment (Doc. 31) is **GRANTED** on the issues of Plaintiffs' non-exempt status as employees of Revention, Inc. and Jeff Doyle and **DENIED** on the issue of Defendants' good faith defense. This case may proceed to trial to determine the remaining issues of whether Plaintiffs actually performed overtime work for which Defendants failed to compensate them.

SIGNED at Houston, Texas, this 10th day of September, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE